UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.  1:23-cv-00495-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Chris Jonathan Epperson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action against the United States of America on April 3, 2023.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Summary of Plaintiff's Allegations**

Plaintiff resides in Sylmar, California, located in Los Angeles County. Plaintiff drafted his complaint using the form provided by this Court. The caption of the complaint names the United States of America as defendant. (Doc. 1.) However, the complaint form lists "Delaware" as the defendant. (*Id.* at 2.) Plaintiff identifies the basis for jurisdiction as federal question. In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, he lists the following: "Wheeler Act of Congress," "Thomas Jefferson," and "House of Commons." (*Id.* at 3-4.) Plaintiff specifies that the amount in controversy is "500,000,000 fiscal year." (*Id.* at 5.) The statement of claim section states as follows: "The dont even like you messing with their powers. Federal dont cross state. Rule 11 "Executive Order 10958 Executive Order 1961." (*Id.*) (unedited text). The requested relief section lists "Article III Constitution," "Chemical Weapons Convention Article 7," Article I impeachment," and 497 motion to discreet." (*Id.* at p. 6.)

In the accompanying Civil Cover Sheet, the nature of suit is listed as "Racketeer Influenced and Corrupt Organizations." (Doc. 1-1.) The U.S. Civil Statute is described as "497" and cause of action is described as "472c Sec. 102(a)." (*Id.*) Plaintiff also checked the box for class actions under Federal Rule of Civil Procedure 23. (*Id.*)

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. While short, Plaintiff's complaint does not include any factual allegations. At a basic level, he does not state what happened, when it happened, or who was involved. He also does not clearly identify his claims, causes of action, or the relief that he is seeking. Without any factual allegations, the Court cannot determine what Plaintiff is alleging or how defendants are alleged to be responsible. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

#### B. Class Action

Plaintiff's civil cover sheet indicates that the complaint is a class action under Federal Rule of Civil Procedure 23. (Doc. 1-1.) Insofar as Plaintiff is attempting to assert claims on behalf of other individuals, he may not do so. Plaintiff may only represent his own legal interests; he may not represent the legal interests of other individuals. "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United*

*States*, 308 F.2d 78, 79 (9th Cir. 1962). "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

### C.  RICO

To the extent Plaintiff is attempting to bring a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the United States, such a claim is improper. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The federal racketeering statute, RICO, does not waive sovereign immunity for claims against the United States." *A.C.L. Computers & Software, Inc. v. United States*, No. 16-CV-01485-SK, 2017 WL 6060267, at *4 (N.D. Cal. Mar. 13, 2017), aff'd, 727 F. App'x 376 (9th Cir. 2018) (citation omitted).

### D. Federal Rule of Civil Procedure 10

The complaint's caption must contain the names of the defendants discussed in the body of the complaint. See Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). The Court cannot have the complaint served on any of the parties discussed in the body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the Complaint without the names of the parties included in the caption of the Complaint). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10; *Callahan v. Unknown*, No. 1:22-CV 00221 BAM PC, 2022 WL 1215260, at *3 (E.D. Cal. Apr. 25, 2022), report and recommendation adopted, No. 1:22-CV-221 JLT BAM, 2022 WL 1782559 (E.D. Cal. June 1, 2022); *Thomas v. Weaver*, No. 1:22-CV-01492-BAM, 2022 WL 17822132, at *3 (E.D. Cal. Dec. 20, 2022) (same).

### IV.  Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

1  state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding pro se, the
2  Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the
3  extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

4        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
5  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,
6  556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to
7  raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations
8  omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
9  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
10 "buckshot" complaints).

11       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
12 *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
13 complaint must be "complete in itself without reference to the prior or superseded pleading."
14 Local Rule 220.

15       Based on the foregoing, it is HEREBY ORDERED that:

16       1.     The Clerk's Office shall send Plaintiff a complaint form;

17       2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a
18 first amended complaint curing the deficiencies identified by the Court in this order or file a
19 notice of voluntary dismissal; and

20       3.     If Plaintiff fails to file an amended complaint in compliance with this order, then
21 the Court will recommend dismissal of this action, with prejudice, for failure to obey a court
22 order and for failure to state a claim upon which relief may be granted.

23
24 IT IS SO ORDERED.

25     Dated:   **April 6, 2023**            /s/ *Barbara A. McAuliffe*
26                                                      UNITED STATES MAGISTRATE JUDGE
27
28