UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No.  1:23-cv-00495-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL**<br><br>(Doc. 5)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Chris Jonathan Epperson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action against the United States of America on April 3, 2023.  (Doc. 1.)  On April 6, 2023, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days.  (Doc. 4.)  Plaintiff's first amended complaint is currently before the Court for screening.  (Doc. 5.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff resides in Sylmar, California, located in Los Angeles County.  As with his original complaint, Plaintiff drafted his amended complaint using the form provided by this Court.  The caption of the complaint names the "American Foreign Affairs refugee Convention House of Assembly" as defendant.  (Doc. 5.)  However, the complaint form lists the following defendants:   (1) Federalist No. 10; (2) James Madison; (3) Geoffrey S. Binney; (4) Richard Nixon; and (4) Sen. Al Gore.  (*Id.* at pp. 2-3.)

Plaintiff identifies the basis for jurisdiction as both federal question and diversity of citizenship.  In the second that asks which of his federal constitutional or federal statutory rights have been violated, he lists the following:  "Article III Constitution," "Executive Order 10958," "Original, No. 10."  In the section in which he is asked to indicate the basis for diversity jurisdiction, Plaintiff states that James Madison, an individual and a corporation, is the plaintiff and that David Orsby is the defendant.  (*Id.* at p. 4.)  Plaintiff specifies that the amount in controversy is as follows:  "I can have this case before jury less than year.  Rule 41(b) 500,000,000 Fiscal year.  Zillion hr. Rule 41, too many bugs in the system." (*Id.* at 5.)

///

The statement of claim section states, "You cant see her from here.  A Fossil can last up to two Hundred yrs.  Fragile bullets easily to detect to the street.  A string of serial killers.  It was the Misreport Avery George Abraham Lincoln Thurdgood Marshall Orthopedic Chemistry."  (*Id.*) (unedited text).  The requested relief section states, "They dont even like you messing with their powers.  Federal dont cross state.  My subcauntious tells me you think that your going In order to move on to calculus you must take pre-cal somewhere."  (*Id.* at p. 6.)

In the attachment to the amended complaint, Plaintiff lists the following:

Chemical Weapons ban-missle nuclear
Atomic Act Evident Tampeeron discreet
U.S. government seals U.S. Supreme Court
United States Bank 497 Sec. 102(a)
Each state Anylands.
Under Interogation Safety Cell A.B.C.D.

Abbreviate vs A.D.B.C_ever since.
Any More Attribbuttes.

They dont even like you messing with their powers.

Federal dont cross state.

The clerk would have a truck load of paperwork

Fugitive Slave Act.

entrapment

Infridgement

Objection imposition of sanctions

cross-examination

motion to prohibit

(*Id.*)

### III.     Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not include any factual allegations.  It is disjointed, confusing, insubstantial, and incomprehensible as written.  At the most basic level, Plaintiff does not state what happened, when it happened, or who was involved.  He also does not clearly identify his claims, causes of action, the parties, or the relief that he is seeking.  Without any factual allegations, the Court cannot determine what Plaintiff is alleging or how defendants are alleged to be responsible.  Absent clear, intelligible allegations, the amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

### B. Jurisdiction

Plaintiff's amended complaint fails to establish this Court's jurisdiction.  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.' " *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. A review of the amended complaint reveals that it should be dismissed because it lacks any basis for subject matter jurisdiction.

Diversity of Citizenship

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

4

1   actions "where the matter in controversy exceeds the sum or value of $75,000," and where the
2   matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not
3   adequately allege that the parties' citizenship is completely diverse. Indeed, Plaintiff identifies
4   James Madison as the plaintiff and he names multiple defendants, some of whom are deceased.
5   Plaintiff also does not establish that the matter in controversy exceeds the sum or value of
6   $75,000. Thus, Plaintiff's amended complaint does not establish diversity jurisdiction.

        Federal Question

        Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' " *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

        Plaintiff's amended complaint does not include factual allegations sufficient to state a claim arising under the Constitution, laws, or treaties of the United States.  Indeed, Plaintiff does clearly state what happened nor does he cite any particular federal statute or constitutional provision that would be applicable to the disjointed phrases and sentences.  Simply citing a federal statute or a provision of the Constitution is not sufficient to confer jurisdiction in the absence of a well-pleaded complaint.  Thus, Plaintiff's complaint does not establish federal question jurisdiction.

**IV.   Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim for relief, and fails to establish this Court's jurisdiction.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the

deficiencies in his complaint.  Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8, failure state a cognizable claim upon which relief may be granted, and failure to establish this Court's subject matter jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 17, 2023**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE